

DAVIDOFF HUTCHER & CITRON LLP
ATTORNEYS AT LAW
605 THIRD AVENUE
NEW YORK, NEW YORK 10158

TEL: (212) 557-7200
FAX: (212) 286-1884
WWW.DHCLEGAL.COM

FIRM OFFICES

WHITE PLAINS
ATTORNEYS AT LAW
120 BLOOMINGDALE ROAD
WHITE PLAINS, NY 10605
(914) 381-7400

WEST PALM BEACH
ATTORNEYS AT LAW
1107 NORTH OLIVE AVENUE
WEST PALM BEACH, FL 33401
(561) 567-8488

FIRM OFFICES

ALBANY
ATTORNEYS AT LAW
150 STATE STREET
ALBANY, NY 12207
(518) 465-8230

WASHINGTON, D.C.
ATTORNEYS AT LAW
201 MASSACHUSETTS AVENUE N.E.
WASHINGTON, D.C. 20002
(202) 347-1117

ROBERT L. RATTET, ESQ.
WRITER DIRECT (646) 428-3123
RLR@DHCLEGAL.COM

BY ECF & ELECTRONIC MAIL

July 22, 2021

Alan Harry Katz, Esq.
Shalom Jacob, Esq.
Casey Brian Howard, Esq.
Locke Lord LLP
200 Vesey Street
New York, NY 10281

Re:    RS Old Mills RD LLC, Appellant v. Suffern Partners, LLC, Appellee
       21 cv. 6088 et. seq.

Dear Sirs/Madams:

This office represents appellee Suffern Partners, LLC ("Appellee"). Appellee submits this pre-motion letter pursuant to Rule II(A) of the Individual Rules of Practice of Hon. Kenneth M. Karas, U.S.D.J. seeking a pre-motion conference in anticipation of Appellee's intended motion to dismiss the appeals taken by RS Old Mills RD LLC ("Appellant") from the below-referenced orders issued during the June 22, 2021 hearing before the Bankruptcy Court:

a.  21 cv. 6088, appeal from Order Authorizing (1) Assumption of Pre-Petition Purchase and Sale Agreement, as Amended, and Real Estate Broker Agreement, as Amended, in Connection Therewith and (2) Sale of Debtor's Real Property Pursuant to Bankruptcy Code Sections 363(b), (f) and (m) and (2) Rejection of Nonresidential Lease Ancillary Thereto Pursuant to Section 365(b) of the Bankruptcy Code signed and entered in this bankruptcy case on June 29, 2021, Bankruptcy Court ECF Docket No. 72 (hereinafter, the "Sale Order"); and

b.  21 cv. 6090, appeal from Order Approving Debtor's Motion for Approval of Settlement Agreement with CPIF Lending, LLC, Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, Bankruptcy Court ECF Docket No. 73 (hereinafter, the "CPIF Compromise Order").

DAVIDOFF HUTCHER & CITRON LLP

July 22, 2021
Locke Lord LLP
Page 2

In addition to the Sale Order and CPIF Compromise Order, the Bankruptcy Court also entered the following Orders during the June 22, 2021 hearing:

c.  Order Approving Debtor's Motion for Approval of Settlement Agreement, as Amended, with Old Republic National Title Insurance Company Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Old Republic Compromise Order"); and

d.  Order Authorizing the Employment of Hahn & Hessen LLP as Special Litigation Counsel to the Debtor (the "Hahn Retention Order").

While all four of the aforementioned Orders are interrelated, Appellee's intended motion seeks only to dismiss the appeals from the Sale Order and the CPIF Compromise Order (the "Subject Orders").

The sale of the Debtor's real estate (the "Property") closed on July 15, 2021, and as a result thereof, title to the Property passed, the mortgagee of the Property was fully paid off, and a new mortgage was placed on the Property. Thus, Appellee seeks to dismiss the foregoing appeals (the "Subject Appeals") from the Subject Orders based upon (a) statutory mootness; (b) constitutional mootness; and (c) equitable mootness. Appellant never made application either to the Bankruptcy Court pursuant to Fed.R.Bankr.P. Rule 8007(a) or to the District Court pursuant to Fed.R.Bankr.P. Rule 8007(b) to stay the closing of the sale and other transactions contemplated by the Subject Orders prior to the closing on July 15, 2021. This renders it impossible for a court, on appeal, to fashion any relief.

A.  **STATUTORY MOOTNESS**

11 U.S.C. §363(m) states:

The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

In In re Gucci, 105 F.3d 837, 839 (2d Cir. 1997) ("Gucci I"), the Second Circuit held: "Our appellate jurisdiction over an *unstayed* sale order issued by a bankruptcy court is statutorily limited to the narrow issue of whether the property was sold to a good faith purchaser." In In re Gucci, 126 F.3d 380, 392 (2d Cir. 1997) ("Gucci II"), a different Second Circuit panel similarly determined that the "argument challenging § 363 sale on ground property sold did not belong to debtor's estate is moot absent a stay). "Section 363(m) limits appellate review of a consummated sale whenever the sale is authorized under § 363(b)—regardless of the merits of legal arguments raised against it. Because the sale was not stayed, § 363(m) permits us to only consider the issue

DAVIDOFF HUTCHER & CITRON LLP

July 22, 2021
Locke Lord LLP
Page 3

of good faith." Gucci II, 126 F.3d at 392. The appellant intends to argue that the property sold was not property of the Debtor's estate due to the filing of a notice of pendency. Both Gucci I and Gucci II, however, render that argument meritless.

## B. **CONSTITUTIONAL MOOTNESS**

"Article III denies federal courts the power "to decide questions that cannot affect the rights of litigants in the case before them," North Carolina v. Rice, 404 U.S. 244, 246, (1971), and confines them to resolving " 'real and substantial controvers[ies] admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'" Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990); accord DeFunis v. Odegaard, 416 U.S. 312, 316 (1974) (repeating "the familiar proposition that 'federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them' "). Since the closing on the Property has occurred, there is no case or controversy before the Bankruptcy Court capable of adjudication. Therefore, the Subject Appeals must be dismissed.

## C. **EQUITABLE MOOTNESS**

Even assuming that the Court could undo the transactions after the closing, to do so would be inequitable. In In re Metromedia Fiber Network, Inc., the Court held:

> But if the appellant failed to seek a stay, we consider additionally whether that the failure renders relief inequitable. Id. We insist that a party seek a stay even if it may seem highly unlikely that the bankruptcy court will issue one. See [In re Chateauguay Corp., 988 F.2d 322, 326 (2d Cir. 1993) ("Chateauguay I") ] ("A party cannot escape the obligation to protect its litigation position by so facile an argument."). Here, appellants sought no stay of the confirmation order, and sought no expedited review in this appeal, which was filed over a year ago. Never mind, appellants argue, because (as the district court found) we can provide effective relief without "unraveling the Plan." Specifically, appellants may be permitted in all equity to pursue any claim barred by the releases. We disagree. In the absence of any request for a stay, the question is not solely whether we *can* provide relief without unraveling the Plan, but also whether we *should* provide such relief in light of fairness concerns.

416 F.3d 136, 144–45 (2d Cir. 2005)

In Metromedia, 416 F.3d 136, the Court found that a plan of reorganization in fact contained improper releases for non-debtor parties. Nevertheless, the Court refused to undo the plan, in the absence of a request for a stay. See also In re RS Old Mill, LLC, No. 20 CV 743 (VB), 2020 WL 2306447, at *6 (S.D.N.Y. May 8, 2020) ("Even if appellants had sought a stay of the underlying order, they have failed to show the remaining [In re Chateauguay Corp., 10 F.3d 944 (2d Cir. 1993)

DAVIDOFF HUTCHER & CITRON LLP

July 22, 2021
Locke Lord LLP
Page 4

("Chateauguay II")] factors are met. As to the first factor, where a sale of properties has already closed, courts have found they cannot "fashion effective relief.").

     The Debtor accordingly seeks dismissal of the Subject Appeals on the basis of mootness.

Respectfully,

DAVIDOFF HUTCHER & CITRON, LLP

*Attorneys for Suffern Partners LLC*


By: */s/ Robert L. Rattet*
    Robert L. Rattet, Esq.


RLR/
cc:   Hon. Kenneth L. Karas,
      U.S. District Court Judge